**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JASON TROY STANDLEY, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-1121-JDK |
| | § | |
| KENNETH STANDLEY, | § | |
| | § | |
| Appellee. | § | |

**MEMORANDUM OPINION AND ORDER**

This matter is on appeal from the United States Bankruptcy Court for the Eastern District of Texas. Docket No. 1; Case No. 22-04048. In the underlying adversary proceeding, Appellee Kenneth Standley sought to except from discharge an alleged debt of Appellant Jason Standley arising from certain bank loans. Following a bench trial, judgment was entered for Kenneth. Jason now appeals the bankruptcy court's judgment and attendant findings of fact and conclusions of law. For the following reasons, the Court **AFFIRMS** the judgment of the bankruptcy court.

**I.**

Jason Standley is the son of Kenneth Standley. Kenneth founded P.M. Standley, a car dealership, and operated the business for many years. In 2017, Kenneth resigned his officer positions with P.M. Standley, and Jason was appointed sole officer and director. Record on Appeal ("ROA") at 6074–75. In June 2019, Jason, on behalf of P.M. Standley, entered into new loan agreements with BTH Bank, N.A. ("BTH"). ROA at 6085. The first loan was a line of credit for $1.5 million. *Id.* The second loan was for $8.5 million. *Id.* Both loans named P.M. Standley as Borrower

and were guaranteed by Jason, Kenneth, the "Jason Standley Trust," and the "Kenneth Standley FLP Trust." The loans were secured by P.M. Standley's vehicle inventory. *Id.*

At trial, Kenneth testified that he did not consent to being a guarantor on these loans—and that Jason had signed on Kenneth's behalf without Kenneth's authorization. ROA at 6540; 6614. Although some evidence suggested that Kenneth had considered signing as a guarantor (including earlier texts from Kenneth and trial testimony from Jason, ROA at 7820; 7824), Kenneth testified that just before Jason executed the loan documents, he told Jason on multiple telephone calls that he was not comfortable being a guarantor on the BTH loans. ROA at 6629. Kenneth's wife Renee was present for one such conversation, and she testified that she heard Kenneth telling Jason that he would *not* sign the BTH loan documents. *Id.* at 6728–30. Renee further stated that Kenneth never printed the loan documents and never signed them. *Id.* at 6722.

Jason's deceit might have gone unnoticed but for COVID. COVID and the shutdowns devastated the automobile market, and P.M. Standley was forced to close. Shortly thereafter, BTH sued the Standleys for repayment of their loans. Jason and his wife, Shannon, filed a petition for bankruptcy under Chapter 7. Kenneth was named a creditor of Jason and initiated this adversary proceeding in the bankruptcy court. The case proceeded through various motions before concluding with a bench trial before the bankruptcy judge.

Following trial, the bankruptcy court entered findings of fact and conclusions of law. Docket No. 1, Ex. 4. The court found in favor of Kenneth on three points relevant here: first, that the guaranty liability is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) as a debt arising from false pretenses; second, that the guaranty liability is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) as a debt arising from actual fraud; and third, that all affirmative defenses or other relief requested by Jason and Shannon Standley fail as a matter of law.

Jason timely appealed to this Court. Docket No. 1. Kenneth never responded.

**II.**

A district court reviews a bankruptcy court's conclusions of law de novo and findings of fact under the "clearly erroneous" standard. *Barron v. Countryman*, 432 F.3d 590, 594 (5th Cir. 2005); *Matter of Heritage Real Est. Inv., Inc.*, 783 F. App'x 403, 404–05 (5th Cir. 2019); *Jackson v. Floyd*, 2013 WL 12155014, at *2 (S.D. Tex. Aug. 21, 2013) ("Bankruptcy court factual findings are reviewed by the district court hearing an appeal for clear error." (citing *Carrieri v. Jobs.com, Inc.*, 393 F.3d 508, 517 (5th Cir. 2004))).

"A finding of fact is clearly erroneous when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." *Jackson*, 2013 WL 12155014, at *2 (quoting *In re: Missionary Baptist Found.*, 712 F. 2d 206, 209 (5th Cir. 1983)).

## III.

Jason asserts four main arguments on appeal: (1) Kenneth failed to establish a claim of fraud by false pretenses; (2) the bankruptcy court erred in rejecting Jason's affirmative defenses; (3) various factual findings made by the bankruptcy court were clearly erroneous; and (4) the bankruptcy court abused its discretion in admitting certain evidence and testimony. The Court will address each argument in turn.

### A.

In his main issue, Jason argues that Kenneth failed to establish a claim of fraud by false pretenses. The "false pretenses" or "false representation" provision in 11 U.S.C. § 523(a)(2)(A) provides that:

> a discharge under § 727 of this title does not discharge an individual debtor from any debt for money, property, or services, . . . to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

"To obtain a judgment that a debt is nondischargeable for false pretenses, the creditor must show that: (1) the debtor engaged in conduct 'wronging one in his property rights by dishonest methods or schemes [such as] deprivation of something of value by trick, deceit, chicane[ry] or overreaching;' (2) there was scienter or intent; (3) causation; and (4) damages." *In re Rifai*, 604 B.R. 277, 312 (Bankr. S.D. Tex. 2019) (quoting *Novartis Corp. v. Luppino (In re Luppino)*, 221 B.R. 693, 701–02 (Bankr. S.D.N.Y. 1998)). "[F]alse pretense involves implied misrepresentation or conduct intended to create and foster a false impression." *Id.* at 313 (quotation omitted).

Here, the bankruptcy court found that Jason (1) forged Kenneth's signature without authorization, (2) intentionally, (3) causing Kenneth to (4) become personally

liable for the BTH loan. Docket No. 1, Ex. 4 at 36–39. This establishes a claim of fraud by pretenses. *See, e.g.*, *In re Davis*, 377 B.R. 827, 834 (Bankr. E.D. Tex. 2007); *FNFS, Ltd. v. Harwood (In re Harwood)*, 404 B.R. 366, 389 (Bankr. E.D. Tex. 2009); *In re Minardi*, 536 B.R. 171, 187 (Bankr. E.D. Tex. 2015).

Jason's brief is not a model of clarity. To the extent Jason is challenging the factual findings, the Court has reviewed the record and holds that the findings are not clearly erroneous. At trial, Jason admitted to signing the guaranty for Kenneth, ROA at 6111, and Kenneth and his wife Renee testified that Kenneth never authorized the signing and expressly told Jason that Kenneth did not want to be a guarantor, *id.* at 6540; 6614; 6728–30. Although Jason suggests that this testimony is not credible, this Court may not second-guess the factfinder's credibility determinations. *See, e.g.*, *Allaire v. Benton*, 397 F. App'x 33, 37 (5th Cir. 2010). The evidence also showed that Jason attempted to "cover[] his tracks" after signing for Kenneth, *see* ROA at 7886–87, which supports the finding that Jason intended to deceive Kenneth. And there is no question that Jason's conduct damaged Kenneth by causing him to become personally liable for the BTH loan.

Jason also suggests that the claim fails because Kenneth never relied on any explicit false representations by Jason. But fraud by false pretenses does not require an explicit statement. *See Davis*, 377 B.R. at 834. And finally, Jason argues that "Kenneth did not plead any facts to support a claim for false pretenses," Brief at 8. Not so. Kenneth adequately pleaded the claim in his complaint. ROA at 45–46.

Finding no error, the Court affirms the finding of the bankruptcy court that Kenneth established a claim of fraud by false pretenses.[1]

**B.**

Jason next asserts that the bankruptcy court erred in rejecting his affirmative defenses. Brief at 30–32; Docket No. 1, Ex. 4 at 52–55.

It is "well-established under . . . federal law . . . that the party asserting an affirmative defense and seeking to rely on it must prove and establish each of the elements of such defense." *Doe v. Episcopal Sch. of Dallas, Inc.*, 2011 WL 2601506, at *5 (N.D. Tex. June 30, 2011) (citations omitted); *Federal Trade Comm'n v. National Bus. Consultants, Inc.*, 376 F.3d 317, 322 (5th Cir. 2004). Here, Jason fails to identify an affirmative defense that he established at trial. Other than summarily reciting several defenses in his appellate brief, Jason never sets forth the elements of any defense, never cites where in the record the elements were proven, and never explains how the bankruptcy court erred in finding otherwise. Jason emphasizes "reasonable reliance," but that is not a defense to a claim of fraud by false pretenses. *See Davis*, 377 B.R. at 834. He also contends that Kenneth's claim is barred by his own acts or omissions because "Kenneth did authorize Jason to sign his name to the guaranty agreement." Brief at 32. As noted above, however, the bankruptcy court found otherwise, and that finding was not clearly erroneous.

[1] Jason also challenges the bankruptcy court's alternative finding that Jason committed actual fraud and that Kenneth's debt was thus nondischargeable for an additional reason under 11 U.S.C. § 523(a)(2)(A), Docket No. 1, Ex. 4 at 42. Brief at 8. The Court need not address this argument, however, because the Court "may affirm the judgment of the bankruptcy court on any ground presented for its consideration." *In re Jazzland, Inc.*, 322 B.R. 610, 615 (E.D. La. 2005), *aff'd*, 161 F. App'x 436 (5th Cir. 2006); *see also, e.g., Murr v. Wisconsin*, 582 U.S. 383, 404 (2017) ("[A] judgment . . . may be affirmed on any ground permitted by the law and record.").

**C.**

Jason challenges numerous factual findings as clearly erroneous because they "stretch the paltry evidence regarding Kenneth's credibility past the breaking point." Brief at 26 (FOF #47, FOF #54, FOF #55, FOF #59, FOF #62, FOF #64, FOF #78, and FOF #79). It is not, however, a reviewing court's role to second-guess a factfinder's credibility determination. *Allaire*, 397 F. App'x at 37. And, as explained above, there was substantial evidence supporting Kenneth's version of events. Beyond his conclusory allegation, moreover, Jason fails to show how these findings are clearly erroneous.[2]

**D.**

Finally, Jason argues that the bankruptcy court abused its discretion by admitting three exhibits and certain testimony. Brief at 32–35.

The admission of evidence is committed to the sound discretion of the bankruptcy court, subject to review for abuse of that discretion. *In re Rodriguez*, 2007 WL 593582, at *6 (W.D. Tex. Feb. 20, 2007) (citing *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1374 (5th Cir.1981)). "Any error in admitting evidence is subject to harmless error review." *United States v. Hankton*, 51 F.4th 578, 601 (5th Cir. 2022) (citing *United States v. Ibarra*, 493 F.3d 526, 532 (5th Cir. 2007)).

---

[2] Jason also briefly mentions FOF #73, but any objection to this finding is waived for failure to adequately brief it. *See Williams v. Louisiana on behalf of Dep't of Pub. Safety & Corr.*, 2023 WL 2366980, at *2 (5th Cir. Mar. 6, 2023) ("A party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it. . . . We have often stated that a party must 'press' its claims." (quoting *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010))).

First, the exhibits. Jason argues that Ex. I, which is an uncertified copy of state court claims by Kenneth against Jason, was inadmissible hearsay. This exhibit, however, was admitted only to demonstrate that other litigation involving the parties was ongoing, not for the truth of the allegations in the state court complaint. In fact, the only mention of this exhibit in the bankruptcy court's opinion is at ¶ 124 when the court explained the procedural posture of the ancillary state-court litigation and noted that "Kenneth, Paul Pogue, and Paul Noonan added third party claims against Jason on September 9, 2021." Docket No. 1, Ex. 4 at 25. The same is true for Exhibit 61, which is an "uncertified" copy of a state court petition in which BTH sued Kenneth. Jason argues that this too is inadmissible, but the bankruptcy court did not admit this document for its truth. *See id.* Finally, Jason challenges Exhibit 58, which is an "unauthenticated" letter from Herrin Law. But the bankruptcy court nowhere cited or relied on this exhibit, and thus any error in admitting it is harmless. *See Hankton*, 51 F.4th at 601.

Regarding the trial testimony, Jason argues that the admission of Renee's testimony—specifically about the crucial phone call—was hearsay: "Renee's testimony regarding Kenneth's alleged statements in the June 19, 2019 phone call was naked hearsay." Brief ¶ 187. While Jason did object on hearsay grounds, the bankruptcy court overruled the objection and admitted Renee's testimony regarding the contents of the phone call under the residual exception in Rule 807. Jason fails to raise any issue with the admission of the testimony under Rule 807. Regardless,

even if admitting the testimony was erroneous, the error was harmless because the testimony merely repeated testimony Kenneth had already given.

**IV.**

For the reasons stated above, the judgment of the bankruptcy court is **AFFIRMED**. The Clerk of Court is instructed to close this case.

So **ORDERED** and **SIGNED** this **24th** day of **August, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE